1
2
3
4                       **UNITED STATES DISTRICT COURT**
5                              **DISTRICT OF NEVADA**
6                                       * * *
7    UNITED STATES OF AMERICA,              Case No. 2:17-cr-00404-RFB-VCF-3
8                     Plaintiff,                        **ORDER**
9         v.
10   TYLON MARSHALL,
11                    Defendant.
12

13        Before the Court is Defendant Tylon Marshall's *pro se* motion for a sentence reduction
14   (ECF No. 242). For the following reasons, the motion is denied.
15        On September 13, 2018, the Court imposed a sentence of sentence of 132 months of
16   incarceration on Mr. Marshall. <u>See</u> ECF Nos. 117, 121; <u>see also</u> 21 U.S.C. §§ 841, 846. On June
17   27, 2024, Mr. Marshall filed the instant *pro se* Motion for Sentence Reduction. ECF No. 242. On
18   June 29, 2024, the Federal Public Defender filed a notice of non-eligibility. ECF No. 248.
19        The Court now turns to the merits of Mr. Marshall's motion. He argues he is potentially
20   eligible for resentencing following Amendment 821 to the guidelines. Courts may modify a term
21   of imprisonment, once imposed, "in the case of a defendant who has been sentenced to a term of
22   imprisonment based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. §
23   3582(c)(2). However, "the court shall not reduce the defendant's term of imprisonment under 18
24   U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."
25   U.S.S.G. § 1B1.10(b)(2)(A).
26        Amendment 821 of the guidelines retroactively reduced sentences in two relevant ways.
27   First, U.S.S.G. § 4C1.1 was created, which provides a two-point reduction of the offense level
28   for certain people without any criminal history points (known as "zero-point offenders").

1   Second, U.S.S.G. § 4A1.1 was amended the calculation of criminal history points when the

2   underlying offense was committed while under another sentence (known as "status points").

3   Individuals with six prior status points now receive no additional criminal history points and

4   those with seven or more receive a single criminal history point enhancement.

5         At sentencing Mr. Marshall received 6 criminal history points. The guidelines assign a total

6   of 4-6 criminal history points a category of III for sentencing purposes. Because Mr. Marshall

7   has prior criminal history points, he does not qualify as a zero-point offender. However, Mr.

8   Marshall does qualify under the status points provision as he received a 2 criminal history point

9   enhancement under U.S.S.G. § 4A1.1. Under Amendment 821, Mr. Marshall would have

10  received zero status points and bringing his criminal history points to 4. Nevertheless, a total of 4

11  criminal history points keeps Mr. Marshal in category III and his guideline range is identical.

12        In sum, the Court finds that Mr. Marshal was not sentenced to a term of imprisonment

13  based on a sentencing range that has subsequently been lowered. Therefore, he does not qualify

14  for a sentence reduction under 18 U.S.C. § 3582(c)(2).

15        For the foregoing reasons, **IT IS ORDERED** that Defendant Tylon Marshall's *pro se*

16  Motion for Sentence Reduction (ECF No. 242) is **DENIED**.

17        **IT IS FURTHER ORDERED** that the Clerk of Court will provide Defendant a physical

18  courtesy copy of this Order by first-class United States postage.

19

20  **DATED:** January 7, 2025.

21

22  _____

23  **RICHARD F. BOULWARE, II**
    **UNITED STATES DISTRICT JUDGE**

24

25

26

27

28

- 2 -